IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTIAN NERO COPELAND,<br><br>Defendant. | 8:8CR87<br><br>**ORDER** |

This matter comes before the Court on Defendant's Motion to Appoint Counsel. [Filing 164](#). Defendant requests that the Court appoint counsel to assist him "to file a motion for relief under the First Step Act." Defendant does not provide any factual basis for his potential motion.

Even without a factual basis, Defendant's potential motion under the First Step Act would likely lack merit for at least two reasons. First, Defendant was sentenced to his current term on January 27, 2020. [Filing 147](#). Section 404 of the First Step Act of 2018, [Pub. L. No. 115-391](#), 132 Stat. 5194 (2018) was enacted into law on December 21, 2018. Even if the First Step Act applied to Defendant's current sentence, it was in effect at the time of sentencing and the Court would have considered the First Step Act in imposing the sentence.

Second, the First Step Act has no apparent applicability to Defendant's current sentence. Before passing the First Step Act, Congress enacted the Fair Sentencing Act of 2010, which reduced the disparity in sentencing between offenses involving crack and powder cocaine and eliminated mandatory minimum sentencing for simple possession of controlled substances. *See* [Pub. L. No. 111-220](#), 124 Stat. 2372 (codified at 21 U.S.C. §§ 841(b)(1) and § 844(a)). The First Step Act made the provisions of the Fair Sentencing Act retroactive for those convicted of covered offenses. *See* First Step Act § 404(a). Defendant is currently serving an 18-month sentence for

violating his term of supervised release, not for any offense that would potentially be covered by the First Step Act. The Eighth Circuit Court of Appeals has already affirmed this sentence and specifically considered the argument that the District Court failed to consider excess time served on Defendant's original sentence. Filing 160 at 2. Thus, Defendant has not shown that his potential motion under the First Step Act could have any merit and his motion to appoint counsel will be denied. Accordingly,

IT IS ORDERED:

1. Defendant's Motion to Appoint Counsel, Filing 164, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at her last known address.

Dated this 19th day of May, 2021.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge